UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE GREENE,

     Petitioner,

                             Civil Action Number: 2:10-cv-14697

v.                             Honorable Lawrence P. Zatkoff

THOMAS K. BELL,

     Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I.  INTRODUCTION

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254.  Michigan prisoner Lonnie Greene ("Petitioner"), currently incarcerated by the Michigan Department of Corrections at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this *pro se* Habeas Petition challenging his conviction for possession with intent to deliver more than forty-five kilograms of marijuana, following a jury trial in the Circuit Court in Jackson County, Michigan.  Petitioner was convicted on March 28, 2007.  Upon resentencing, he was resentenced to seventy-one months to fifteen years in prison.  In his pleadings, he raises claims concerning the effectiveness of trial counsel and whether the evidence was sufficient to support his conviction.  For the reasons discussed below, the Court will deny the Petition. The Court also will decline to issue Petitioner a Certificate of Appealability.

## II. BACKGROUND FACTS

Petitioner's troubles in this case arise because of the discovery of marijuana during a routine search of the back of a large rental truck that he was driving when he was stopped, by a Michigan State Police Officer, for a traffic violation and ordered to drive to a nearby weigh station. Petitioner, who had his Bible with him, told the officer that he had been talking scripture with his passenger. He also said that he was transporting furniture from Arizona to Detroit. However, he was unable to tell the police officer where the furniture was to be delivered. After the officer conducted a routine LEIN check, it was discovered that Petitioner was wanted on a Texas warrant. The officer then handcuffed Petitioner. Petitioner then gave the officer permission to search the truck he was driving, but he was unable to provide the officer with a key to the padlock on the rear compartment of the truck. After forcing the lock open and deploying a drug-sniffing dog, the search revealed large quantities of marijuana, worth approximately $330,000. The prosecution's theory of the case was that Petitioner knowingly possessed the marijuana with the intent to deliver it. The defense's theory was that he did not possess the marijuana in question.

The Michigan Court of Appeals summarized the facts of the case. The recitation of those facts are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). They are as follows:

> A Michigan State Police officer testified that on the morning of May 1, 2006, he observed a large rental truck traveling over the speed limit on I-94, and then further observed that its license plate was made of cardboard. The officer affected a traffic stop and spoke to defendant, who was driving, and there was also a passenger. According to the officer, defendant, who had a

2

Bible in his hand, immediately stated that he had been discussing scripture with his passenger, which the officer recognized as a tactic typical of persons hiding contraband. The officer continued that defendant's driver's license was from Texas, which he recognized as a "source state" for narcotics. Defendant stated that he was transporting furniture for a friend from Arizona to Detroit, but could provide neither the putative destination address nor the phone number of the putative contact. The rental agreement listed two approved drivers, neither of whom was defendant or his passenger. The officer described defendant as showing great nervousness. A routine check revealed that defendant was wanted on a Texas warrant. The officer testified that he handcuffed defendant to a wall, that defendant stated that he was responsible for the contents of the truck, and that defendant provided permission to search the truck. However, defendant had no key to open the padlock securing the contents. Upon forcing the lock, and later deploying a drug-sniffing dog, the police discovered large quantities of marijuana.

*People v. Greene*, No. 278834, 2009 WL 1262861, at *1 (Mich. Ct. App. May 7, 2009).

The Court also finds the following testimony pertinent to the case.

Petitioner testified. He did not dispute that he had been driving the truck in which the marijuana was found or that his name did not appear on the rental agreement. Rather, he testified that, after meeting a woman in a bar in Detroit, he agreed to help her move a load of furniture from Arizona to Detroit. He said she provided him with a helper, plane tickets to Phoenix, and made arrangements for a place for them to stay while in Phoenix. When they arrived in Phoenix, someone met them at the airport and took them to a motel. Petitioner further testified that, the next day, he was given the keys to a truck, told where the rental papers were, and given a contact number in Detroit. He said he was not given a key to the back of the truck. It was his understanding that he was moving furniture.

After a two-day trial, the jury convicted Petitioner as charged. On May 9, 2007, the trial judge sentenced him, as a habitual offender, fourth offense, to fifteen to thirty years in

3

prison.  Subsequently, he filed a Motion for a New Trial and Resentencing.  The trial court denied his Motion for a New Trial but granted his Motion for Resentencing.  Upon resentencing, Petitioner was resentenced to seventy-one months to fifteen years.

Following his sentencing, Petitioner filed a Direct Appeal with the Michigan Court of Appeals, raising claims concerning the effectiveness of trial counsel and whether the evidence presented was sufficient to support his conviction.  The Court of Appeals affirmed Petitioner's conviction, "but remand[ed] for preparation of an amended judgment of sentence." *Greene*, 2009 WL 1262861, at *1.  Petitioner then filed an Application for Leave to Appeal that decision with the Michigan Supreme Court, raising the same claims raised in the Court of Appeals.  The Supreme Court denied his Application. *People v. Greene*, 774 N.W.2d 893 (Mich. 2009) (Table).

Petitioner neither filed a Motion for Relief from Judgment with the state trial court nor a Petition for a Writ of Certiorari with the United States Supreme Court.  Rather, on November 24, 2010, he filed this Habeas Petition, raising the same claims raised in the state appellate courts: (1) trial counsel was ineffective for failing to seek suppression of the seized marijuana and for failing to seek suppression of Petitioner's statements to the police, and (2) the evidence presented was insufficient to sustain the verdict.

### III.  STANDARD OF REVIEW

28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing habeas petitions:

(d) An application for a writ of habeas corpus on behalf of a person in custody

4

pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Federal courts are therefore bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). This Court must presume the correctness of a state court's factual determinations. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas-corpus

5

relief under the "unreasonable application" clause when "a state-court decision unreasonably

applies the law of this Court to the facts of a prisoner's case." *Williams*, 529 U.S. at 409.

The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should
> ask whether the state court's application of clearly established federal law was
> objectively unreasonable.

> [A]n unreasonable application of federal law is different from an incorrect
> application of federal law . . . . Under § 2254(d)(1)'s "unreasonable
> application" clause, then, a federal habeas court may not issue the writ simply
> because that court concludes in its independent judgment that the relevant
> state-court decision applied clearly established federal law erroneously or
> incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

Recently, in *Harrington v. Richter*, --- U.S. ---, ---, 131 S.Ct. 770, 786 (2011)

(citations omitted), the United States Supreme Court held:

> A state court's determination that a claim lacks merit precludes federal
> habeas relief so long as "fairminded jurists could disagree" on the correctness
> of the state court's decision. And as this Court has explained, "[E]valuating
> whether a rule application was unreasonable requires considering the rule's
> specificity. The more general the rule, the more leeway courts have in
> reaching outcomes in case-by-case determinations." "[I]t is not an
> unreasonable application of clearly established Federal law for a state court to
> decline to apply a specific legal rule that has not been squarely established by
> this Court."

With those standards in mind, the Court proceeds to address Petitioner's claims.

## IV. DISCUSSION

### A. Ineffective-Assistance-of-Counsel Claim

In his first habeas claim, Petitioner contends that trial counsel was ineffective for

6

failing to seek suppression of both the marijuana discovered in the truck and his admission that he was responsible for the truck's contents.

Claims of ineffective assistance of counsel are measured under the standards established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner must prove that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced him, resulting in an unreliable or fundamentally unfair outcome. *Id.* In adjudicating the first prong of the standard, the Court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. To prevail on the second prong, Petitioner must demonstrate a "reasonable probability" that the result of the trial would have been different but for counsel's errors. *Id.* at 694.

Under *Strickland*, counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The Sixth Amendment is violated only if counsel's acts or omissions "were outside the wide range of professionally competent assistance." *Id.* Strategic choices after thorough investigation of law and facts relevant to plausible options are "virtually unchallengeable." *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, ---U.S. ---, ---, 130 S.Ct. 1473, 1485 (2010) (citations omitted). The Supreme Court in *Harrington* has recently confirmed that a federal court's consideration of ineffective-assistance-of-counsel claims arising from state-criminal proceedings is quite limited on

7

habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and [section] 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, --- U.S. at ---, 131 S.Ct. at 788 (internal and end citations omitted). "When [section] 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

The Michigan Court of Appeals, although not specifically citing *Strickland*, clearly applied the standard and denied Petitioner's ineffective-assistance-of-counsel claim, stating:

> The United States and Michigan Constitutions guarantee a criminal defendant the right to the assistance of counsel. The constitutional right to counsel is a right to the effective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. The defendant must further show that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different, and that the attendant proceedings were fundamentally unfair or unreliable.

> * * *

> According to the evidence, when defendant admitted responsibility for the contents of the truck, no contraband had been discovered by the police. As defendant offered that statement, then he confessed to no criminal activity, rather he simply admitted to having responsibility over the contents, which had yet to be discovered.

> "An admission of fact is distinguished from a confession of guilt by the fact that an admission, in the absence of proof of facts in addition to those admitted by the defendant, does not show guilt." "'If . . . the fact admitted does not of itself show guilt but needs proof of other facts, which are not admitted by the accused, in order to show guilt, it is not a confession, but an

8

admission. . . .'"  "[W]here the defendant's statements were admissions of fact, rather than a confession of guilt, no finding of voluntariness is necessary."

        In this case, because further evidence was required before defendant's admission of responsibility for the contents of the truck implicated him in criminal conduct, that admission was admissible at trial even if offered before *Miranda*[1] warnings were provided.  Additionally, case law suggests that even if defense counsel were inclined to bring a motion to suppress the admission, defendant, as an unauthorized driver of the truck, does not have a legitimate expectation of privacy in that vehicle, and thus has no Fourth Amendment standing to disallow a search of it.  Hence, because there was no legal basis for suppression of defendant's admission, and defendant did not have standing to contest the search, we cannot find that defense counsel was ineffective for failing to object to the search.

*Greene,* 2009 WL 1262861, at *2 (internal and end citations omitted).

        Petitioner faults his trial counsel for failing to seek suppression of his admission that he was responsible for the truck's contents.  However, Petitioner has not cited any authority to support his position.  To be entitled to habeas relief on this claim, Petitioner must establish both that, had the motion been filed, there was a reasonable probability that the evidence would have been suppressed, and the outcome of the trial would have been different had the evidence been suppressed.  *See Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.").  An attorney is not ineffective for failure to raise meritless or insubstantial defenses.  *See Mahdi*

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

9

*v. Bagley*, 522 F.3d 631, 638 (6th Cir. 2008); *accord Evans v. Hudson*, 575 F.3d 560, 566 (6th Cir. 2009) (petitioner cannot suffer prejudice from counsel's failure to raise a meritless claim).

The Court of Appeals rejected this claim, noting that there was no legal basis for the suppression of Petitioner's admission. The state appellate court found that, "because further evidence was required before defendant's admission of responsibility for the contents of the truck implicated him in criminal conduct, that admission was admissible at trial even if offered before *Miranda* warnings were provided." *Greene*, 2009 WL 1262861, at *2. The Court finds that the Court of Appeals decision is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

There was no legal basis for the suppression of Petitioner's admission of fact, when he admitted to the officer that he was responsible for the contents of the truck. Petitioner did not allege any bad faith on the part of the police officer. After finding the marijuana, the officer gave Petitioner his *Miranda* rights and Petitioner agreed to speak to him. Petitioner has failed to present any evidence to support his allegations. Petitioner has the burden of establishing that, had counsel moved to suppress his statements, the trial judge would have granted the request, and thus, counsel was ineffective for failing to do so. *See Kimmelman*, 477 U.S. at 375. Petitioner cannot meet his burden in this case.

Additionally, the record reveals that, not only did the rental agreement not list Petitioner as a person allowed to drive the truck, he did not possess a key to the back compartment's padlock. He also did not show that he had the authorized renters' permission

10

to drive the truck.  Neither person listed on the lease existed and the information written
down was false.

Moreover, as the Court of Appeals noted, Petitioner failed to establish standing to
contest the rented truck's search.  *See United States v. Smith*, 263 F.3d 571, 586 (6th Cir.
2001) (citing cases) ("[A]s a general rule, an unauthorized driver of a rental vehicle does not
have a legitimate expectation of privacy in a vehicle, and therefore does not have standing
to contest the legality of a search of a vehicle.").  Petitioner fails to support his position that
a mere driver has standing to challenge the truck search.  Hence, he has failed to meet his
burden that counsel was ineffective in this regard.

With that, the Court concludes that Petitioner has failed to offer anything to rebut the
presumption of reasonable trial strategy on the part of trial counsel.  Accordingly, he is not
entitled to habeas relief on this claim.

## B.  Insufficient-Evidence Claim

Petitioner next contends that there was insufficient evidence presented to establish that
he had a sufficient possessory interest in the truck to be guilty of possessing the marijuana
found inside the truck.

"[T]he Due Process Clause protects the accused against conviction except upon proof
beyond a reasonable doubt of every fact necessary to constitute the crime with which he is
charged."  *In Re Winship*, 397 U.S. 358, 364 (1970).  The critical inquiry on review of the
sufficiency of the evidence to support a criminal conviction is "whether the record evidence
could reasonably support a finding of guilt beyond a reasonable doubt."  *Jackson v. Virginia*,

443 U.S. 307, 318 (1979). That inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." *Id.* (footnote omitted). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in the original) (citation omitted).

A federal habeas court may not overturn a state-court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim. *See Cavazos v. Smith*, --- U.S. ---, ---, 132 S.Ct. 2, 4 (2011). A federal court may grant habeas relief only if the state-court decision was an objectively unreasonable application of the *Jackson* standard. *Id.* (citing *Renico v. Lett*, 559 U.S. ---, ---, 130 S.Ct. 1855, 1862 (2010)). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.*

In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

In order to convict a defendant under Michigan law of possession of a controlled substance, a prosecutor must prove that he or she exercised control or had the right to exercise control over the controlled substance. *See McFarland v. Yukins*, 356 F.3d 688, 708 (6th Cir. 2004) (citing *People v. Konrad*, 536 N.W.2d 517, 521 (1995) (additional citations

12

omitted)).  Under Michigan law, a defendant need not have actual physical possession of a

controlled substance in order to be guilty of possessing it.  *People v. Wolfe*, 489 N.W.2d 748,

520 (1992).   Possession of a controlled substance may be actual or constructive.   *Id.*

"[C]onstructive possession exists when the totality of the circumstances indicates a sufficient

nexus between the defendant and the contraband." *Id.* at 521 (citation omitted).  Constructive

possession of a controlled substance can be proven by circumstantial evidence. *See People*

*v. McGhee*, 709 N.W.2d 595, 612 (2005).

   The Court of Appeals, in addressing and rejecting this claim, stated:

   In this case, defendant asserts that "the evidence presented at trial was
   not sufficient to establish, beyond a reasonable doubt, that [defendant] had a
   sufficient possessory interest in the truck to be guilty of possessing the
   marijuana found inside the truck."  This bald assertion is not sufficient to
   present this issue for this Court's consideration.  A party's mere assertion that
   the party's rights were violated, unaccompanied by record citations, cogent
   argument, or supporting authority, is insufficient to present an issue for
   consideration by this Court.  "A party may not merely state a position and then
   leave it to this Court to discover and rationalize the basis for the claim."
   Defendant's cursory treatment of this issue forfeits searching appellate review.

   The evidence reveals that when defendant was stopped, he was in
   possession of a vehicle loaded with marijuana, rented to persons other than
   him, under circumstances where he was conspicuously nervous, and unable to
   specify his destination or contact the supposed recipient of the truck's
   contents.  Defendant's driver's license indicated a Texas residence, which is
   a known source of narcotics and defendant admitted responsibility for the
   contents of the truck.  All of these factors provided a reasonable basis for the
   jury's guilty verdict.  For these reasons, we reject this claim of error.

*Greene*, 2009 WL 1262861, at *3 (citations omitted).

   This Court agrees with the Court of Appeals's decision in this regard.  After it was

determined that Petitioner had an outstanding warrant against him in Texas, he was

handcuffed.  The police officer asked Petitioner "if he was responsible for everything in the truck and he said yes he was."  Trial Tr. vol. I 68, Mar. 27, 2007.  Afterward, the officers searched the truck and found the marijuana bales.  Just because Petitioner does not have standing to challenge the search of the truck does not mean that he did not have possession, either actual or constructive, of what was in the truck.  *See McDaniel v. Brown*, 558 U.S. ---, ---, 130 S.Ct. 665, 672 (2010) (in deciding whether evidence is legally sufficient, the reviewing court considers even improperly admitted evidence).

Accordingly, the Court finds that the Michigan Court of Appeals did not unreasonably apply any Supreme Court precedent in rejecting Petitioner's claim.  Petitioner is not entitled to habeas relief with respect to this claim.

### C.  Court Declines to Issue Petitioner a Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a [COA] when it enters a final order adverse to the applicant . . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2254 Proceedings.

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should

14

not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b).  To receive a COA "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

For the reasons stated in its Opinion and Order, the Court concludes that reasonable jurists would not find its assessment of Petitioner's claims debatable or wrong.  The Court therefore declines to issue Petitioner a COA.

## V.  CONCLUSION

Accordingly, IT IS ORDERED that the "Petition for Writ of Habeas Corpus" [dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the Court declines to issue Petitioner a COA.

S/Lawrence P. Zatkoff_____
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  April 9, 2012

CERTIFICATE OF SERVICE

15

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 9, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

16